900 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
L. RUTHER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-1370.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 14, 1990.
Rehearing Denied March 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 87-442).
 Larry Ruther, appellant pro se.
 Dennis Edward Szybala, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Ruther appeals a judgment of the district court which dismissed Ruther's complaint for lack of jurisdiction insofar as it challenged the amount or calculation of benefits he is receiving under the Social Security Act and which ordered the United States to appoint a fiduciary pursuant to 38 C.F.R. Sec. 13.55 to receive amounts due Ruther under a disability insurance contract entered into with the Veterans Administration (VA). We affirm.
 
 
 2
 Ruther contends on appeal that the district court erred in failing to appoint an attorney or next friend to represent him. The VA has found Ruther disabled by reason of schizophrenic psychosis and therefore entitled to disability benefits under his VA contract; however, Ruther is not presently under a court-ordered guardianship by reason of incompetency. Under these circumstances, Fed.R.Civ.P. 17(c) authorizes the district court to appoint a guardian ad litem or make such other order as it deems proper for the protection of the litigant. Here, the district court simply entered an order directing the VA to exercise its authority to appoint a fiduciary to receive the amounts due to Ruther under his contract. We find this to be an appropriate exercise of the district court's discretion.
 
 
 3
 The court had no jurisdiction, and therefore no need to secure representation of Ruther's interests, with regard to the social security issue, there being no final agency action within the preceding 60 days as required by 42 U.S.C. Sec. 405(g). Although Ruther wanted a court-appointed representative to inquire into the amount owed him under his VA contract, there was no disagreement presented on this point that would invoke the district court's jurisdiction, or require either appointment of an attorney or the jury trial which Ruther also sought. See 38 U.S.C. Sec. 784(a), (h) (district courts have jurisdiction only if there is a "disagreement" between the veteran and the VA over a claim).
 
 
 4
 The VA conceded that it owed Ruther money under his contract. The agency submitted a case summary which explained that it had withheld $18,800 (calculated at $100/month) in disability payments pending a competency determination, and that Ruther was in addition entitled to $427.20 in dividends for 1985 through 1987 and $589.80 in dividends for 1975 through 1980, and to an additional premium refund of $64.30. Should Ruther dispute these amounts, he may pursue a claim with the agency. Should there then be a "disagreement" between Ruther and the VA over the amounts owing, Ruther may invoke the district court's jurisdiction under 38 U.S.C. Sec. 784(a).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED